**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JOHN DOE,

                Plaintiff,

       v.                                           **21-cv-8417 (KMK) (PED)**

STATE UNIVERSITY OF NEW YORK PURCHASE
COLLEGE,

                Defendant.
-------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**



                                                          Aidala, Bertuna & Kamins, PC
                                                          *Attorneys for Plaintiff*
                                                          546 Fifth Avenue
                                                          Sixth Floor
                                                         New York, New York  10036

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 2

STATEMENT OF FACTS ....................................................................................................... 6

ARGUMENT .............................................................................................................................. 9

    A.    Introduction............................................................................................................... 9

    B.    Defendant Expressly and Unequivocally Waived the Affirmative Defense of Statute of Limitations. ......................................................................................................... 10

    C.    New York State Tolling Rules Apply to Plaintiff's Title IX Claims Based on SUNY's Mistreatment of John Doe in the Fall of 2018. ......................................................... 13

    D.    SUNY's Treatment of Plaintiff in the Fall of 2018 Constituted a Continuing Violation Which Brings All Title IX Claims in the Complaint Within the Statute of Limitations.......... 14

    E.    Defendant Waived Its Sovereign Immunity ....................................................... 16

CONCLUSION......................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007). .........................................................................13

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). ..................................................................................................................... 9

*Bonilla v. City of New York*, No. 20-cv-1704 (RJD) (LB), 2020 WL 6637214, at *2-3 (E.D.N.Y. Nov. 12, 2020) ............................................................................................................... 14

*Brash v. Richards,* 195 A.D.3d 582, 149 N.Y.S.3d 560 (2021)................................................13

*Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691 (S.D.N.Y. 2002)....................................................14

*Cloister E., Inc. v. New York State Liquor Auth.*, No. 20-CV-6545 (LAK), 2021 WL 4443848, at *6 (S.D.N.Y. Sept. 28, 2021)....................................................................................... 16

*College Savings Bank v. Florida Prepaid Postsecondary Ed. Wexpense Bd.*, 527 U.S. 666, 675-676. (1999)................................................................................................................... 15

*Curto v. Edmundson*, 392 F.3d 502 (2d Cir. 2004)...................................................................10

*Doe v. Holy See (State of Vatican City),* 17 A.D.3d 793, 794, 793 N.Y.S.2d 565 (3rd Dep't 2005) ...........12

*Eckhart v. Fox News Network, LLC,* No. 20-CV-5593 (RA), 2021 WL 4124616, at *15 (S.D.N.Y. Sept. 9, 2021) .................................................................................................................... 15

*Freedom Holdings Inc. v. Spitzer*, 357 F.3d 205 (2d Cir. 2004).................................................9

*John Doe v. Purchase College State University of New York*, NYSCEF Index No. 51492/2018, Doc No. 12. ...........................................................................................................9, 15

*Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238 (2d Cir. 1984) .........................................14

*Kotlyarsky v. New York Post,* 195 Misc.2d 150, 757 N.Y.S.2d 703 (N.Y.Sup.Ct.2003)...........12

*Marvel Characters, Inc. v Simon*, 310 F.3d 280 (2d Cir. 2002) ................................................11

*Monihann v. New York City Dep't of Corr*., 214 F.3d 275 (2d Cir. 2000) ...............................11

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 118 (2002).....................................................15

*Pearl v. City of Long Beach,* 296 F.3d 76 (2d Cir.2002) .......................................................................... 13
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). ......................................................... 15
*Purcell v. New York Inst. of Tech.-Coll. Of Osteopathic Medicine*, 931 F.3d 59 (2d Cir. 2019) ............... 14
*Purcell v. New York Inst. of Tech.-Coll. Of Osteopathic Medicine*, 931 F.3d 59 (2d Cir. 2019) (citing Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004)). ............................................................ 9
*Purcell*, 931 F.3d at 63 & n.11 (quoting *Curto* v. *Edmundson*, 392 F.3d 502 (2d Cir. 2004). ................... 10
*Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429 (S.D.N.Y.), *aff'd*, 579 F. App'x 7 (2d Cir. 2014) ............. 13
*Twombly*, 550 U.S. 555.  *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2021 WL 4124616, at *7 (S.D.N.Y. Sept. 9, 2021). ................................................................................................................ 9
*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) .......................................................................... 15
*Zimmerman v. Poly Prep Country Day Sch*., 888 F. Supp. 2d 317 (E.D.N.Y. 2012). (quoting Wallace v. Kato, 549 U.S. 384 (2007)). ..................................................................................................................... 10

**Statutes**

9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72 .. 13
*9 NYCRR 8.202.8* .................................................................................................................................. 13
N.Y. C.P.L.R. § 214(5). ........................................................................................................................... 10

**Other Authorities**

Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72 ....................................................................................................................................................... 13

**PRELIMINARY STATEMENT**

Plaintiff, John Doe,[1] respectfully submits this Memorandum of Law in opposition to Defendant SUNY Purchase's[2] motion to dismiss Plaintiff's Complaint ("Complaint", ECF No. 1) and accompanying Declaration and Memorandum of Law, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure (ECF Nos. 23-25).

In the spring of 2017, Plaintiff John Doe was completing his freshman year in the Conservatory of Theater Arts in the School of the Arts at SUNY Purchase College. ¶ 69.[3] Several days after classmate Jane Roe had consensual sex with John Doe in John Doe's dorm room, Jane Roe made a complaint to the University that John Doe had raped her. Doe was adjudicated responsible for rape under the Student Code of Conduct on July 27, 2017, and his administrative appeal was denied by the University's Appeal Board on August 14, 2017. On November 2, 2018, Defendant filed an Article 78 Petition. By written decision dated March 31, 2021, with Notice of Entry filed on April 21, 2021, the Appellate Division, Second Department, unanimously ruled that the determination that this young man engaged in any kind of sexual misconduct was NOT supported by substantial evidence.[4] *Doe v. Purchase Coll. State Univ. of New York*, 192 A.D.3d 1100 (2nd Dep't 2021).[5] **Annexed to Diana Fabi, Esq.'s Declaration as Exhibit A**. Notably, the Appellate Division's decision exonerating Plaintiff was dated one day

---

[1] 3 The Court granted Plaintiff's motion to proceed pseudonymously on October 27, 2021. ECF No. 8.
[2] Defendant asserts that as a subdivision of SUNY, Purchase College is not a legally cognizable entity separate from SUNY. See N.Y. Educ. Law §§ 351 and 352.
[3] Numerical references preceded by ¶ are to the Complaint (ECF No. 1), a copy of which is annexed as Exhibit A to the accompanying declaration of Mark E. Klein. ECF No. 24
[4] Notably, substantial evidence is a "minimal standard" which means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." Id.
[5] All legal documents filed in connection with the Article 78 Proceeding, *John Doe v. Purchase College State University of New York*, can be accessed at NYSCEF Index No. 51492/2018

after the date on which, but for Defendant's waiver discussed below, Plaintiff would have had to file claims related to the erroneous investigation and determination by SUNY based on the three year statute of limitations plus the 228 day toll put in place by Governor Cuomo.

While awaiting decision on his Article 78 Petition, in the fall of 2018, Plaintiff returned to SUNY after a year suspension, to continue his education. Unfortunately, he was subjected to mistreatment and abuse by SUNY as described below, and was forced to withdraw on October 8, 2017. Thereafter, Defendant refused to reimburse Plaintiff his tuition for the semester due to his wrongful adjudication, notwithstanding that Defendant had made it impossible for Plaintiff to obtain an education there free from abuse.

Plaintiff filed his Complaint on October 12, 2021. This action arises from the gender-biased and erroneous investigation and adjudication of Jane Doe's complaint by SUNY, as well as SUNY's mistreatment of John Doe upon his return to SUNY Purchase in the fall of 2018, whilst his Article 78 Petition was pending.

Plaintiff asserts claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., for erroneous outcome, selective enforcement, deliberate indifference, hostile environment and retaliation, as well as state law claims for violations of his "due process" rights under the New York State Constitution, breach of contract, breach of SUNY's "duty of good faith and basic fairness" and promissory estoppel. Plaintiff seeks, *inter alia,* damages for past and future economic losses, emotional and psychological damages, and loss of educational and career opportunities. *See* Complaint.

In its motion to dismiss, Defendant claims that Plaintiff's Complaint should be dismissed in its entirety. As to Plaintiff's Title IX claims, Defendant asserts the affirmative defense of

statute of limitations as a bar to suit.  With respect to the state law claims, Defendant asserts its sovereign immunity under the Eleventh Amendment of the U.S. Constitution.  Defendant's claims should be rejected.  As to Plaintiff's claims arising from Defendant's investigation and adjudication of Plaintiff, Defendant waived his affirmative defense of statue of limitations in the course of the Article 78 proceeding.  With respect to Plaintiff's Title IX claims arising from Plaintiff's treatment by SUNY upon his return to the College in the fall of 2018, the statute of limitation was tolled by Executive Order 202.8, first issued by Governor Cuomo on March 20, 2020 and eventually totaling 228 days.  And, finally, with respect to Defendant's claim that the state claims were barred by the Eleventh Amendment, Defendant specifically waived all jurisdictional defenses in exchange for securing additional time to file an Answer in the Article 78 proceeding.

## STATEMENT OF FACTS

On April 19, 2017, Roe engaged in consensual sex with Doe in his dorm room.  Four days later, on April 23, 2017, Roe reported that she had voluntarily undressed and donned Doe's pajama bottoms and joined Doe in his dorm room bed, where she engaged in mutual kissing and removed the pajama bottoms, but that she was unable to consent to sex due to an anxiety attack (¶¶ 71-74).[6] In a subsequent interview and at the Title IX Hearing held on July 27, 2017, Roe would admit that Doe would not have had any reason to know that she was having an anxiety attack. ¶82. At the hearing, she also admitted to having asked Doe to retrieve a condom. ¶83.

---

[6] Doe was not interviewed until May 9, 2017. Prior to the meeting Doe had not received a Disciplinary Specification of charges letter as required by the Student Code of Conduct. ¶84

By letter dated July 31, 2017 (¶ 32), the hearing board issued its administrative findings that Plaintiff failed to obtain affirmative consent to sex (¶¶ 33, 117), notwithstanding that it found Roe's testimony unreliable on the issue of consent (¶¶ 33, 100, 114) and found that Roe asked to sleep with Doe, voluntarily climbed into Doe's bed, kissed Doe, cuddled with Doe, removed her pajama bottoms (¶115) and asked Doe to retrieve a condom (¶ 32). . Upon finding Plaintiff responsible for sexual misconduct, the College imposed the following sanctions: (1) suspension and "Persona Non Grata" status through August 1, 2018; (2) residence suspension with "Residence Area Persona Non Grata" status for one academic semester upon Plaintiff's return to the College; (3) disciplinary probation for one calendar year upon his return to the College; and (4) a wellness/substance education class to be completed before Plaintiff's return to the College (the "Sanctions"). Id. ¶ 35.

Plaintiff appealed the findings and sanctions on August 3, 2017, and his appeal was denied on August 14, 2017. Id. ¶¶ 37, 39, 120. Plaintiff filed an Article 78 Proceeding in state court on November 2, 2017, seeking, among other things, to overturn the findings of Title IX administrative hearing, a declaration that the Sanctions were arbitrary and capricious and not supported by substantial evidence, and damages ¶ 41.

In September 2018, while his Article 78 proceeding was still pending, Plaintiff returned to the College as a sophomore. Id. ¶ 45. As a result of the Sanctions the administrative hearing board had issued, Plaintiff was forced to live alone and isolated in an off-campus rooming house miles from campus from which he took a bus to and from campus to attend class. ¶ 46. Despite being informed by Plaintiff's father of Plaintiff's "ostracism by his fellow students in his freshman class . . .," SUNY "did nothing to protect [Plaintiff] from harassment and abuse upon his return to SUNY Purchase in the fall of 2018." ¶ 50. As feared, Doe was ostracized by his new

7

classmates both in an outside the classroom as a direct result of SUNY's wrongful determination, which was widely known, its draconian imposition of sanctions, and its refusal to protect Doe from hostile and discriminatory treatment ¶ 51.  In the classroom, defendant was subjected to bullying.  His SUNY Purchase classmates refused to speak to him.  On one occasion, in the classroom, a female classmate categorically refused to work with him due to the school's slanderous adjudication. ¶ 52. On another occasion, a fellow student posted a picture of Plaintiff on social media with the moniker, "rapist", ¶ 53.  Plaintiff filed a formal complaint with SUNY to no avail. ¶ 53.  Plaintiff informed the College of "his ostracism and mistreatment, but Defendant did nothing to ameliorate the hostile educational environment within which [Plaintiff] was expected to learn and function." In fact, SUNY Purchase defended its students' rights to mistreat Doe as an exercise of the students' rights to free speech! ¶ 54. Plaintiff was unable to endure the isolation, harassment, and shunning he suffered at the College. ¶ 56. Because Defendant chose not to protect [Plaintiff] or to do anything to ameliorate the hostile environment harassment to which [Plaintiff] was daily subjected,  Plaintiff withdrew from SUNY Purchase on October 8, 2018. ¶ 56.

On November 26, 2018, Defendant unequivocally waived all jurisdictional, statute of limitations and res judicata defenses in exchange for additional time to file an answer in the course of its defense of Plaintiff's Article 78 Petition.  **Annexed to Diana Fabi's, Esq's Declaration as Exhibit B**.

By written decision dated March 31, 2021, the Appellate Division, Second Department, "ruled that the determination that [Plaintiff] violated Code C.8 was not supported by substantial evidence and therefore granted the Article 78 Petition, vacated the penalties imposed by that violation, dismissed the charge that [Plaintiff] violated C.8 and directed Purchase to expunge all

references to that finding from [Plaintiff's] academic record." ¶ 60 (emphasis in original). The Court did not address Plaintiff's request for damages.

On October 12, 2021, Plaintiff filed the Complaint in this action. ECF No. 1

## ARGUMENT

### A. Introduction

In its Motion to Dismiss, Defendant claims that Plaintiff's Title IX claims are barred by the statute of limitations. On the contrary, none of Plaintiff's claims are barred by the statute of limitations. With respect to Plaintiff's claims based on SUNY's Title IX investigation, hearing, and appeal determination, defendant waived all jurisdictional, statute of limitations and res judicata defenses in the course of its defense of Plaintiff's Article 78 Petition. *John Doe v. Purchase College State University of New York*, NYSCEF Index No. 51492/2018, Doc No. 12. See also Exhibit B to Declaration of Mark E. Kein, ECF No. 24. With respect to Plaintiff's Title IX claims based on SUNY's treatment of Plaintiff in the fall of 2018, state tolls apply. In addition, as to all the claims, the continuing violation doctrine applies, bringing all Plaintiff's claims within the statute of limitations. And, finally, with respect to the state claims, Defendant waived sovereign immunity when it waived all jurisdictional defenses in the course of its defense of Plaintiff's Article 78 Petition.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Facial plausibility" means that the plaintiff's factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In reviewing a motion to dismiss, a court must "draw all reasonable inferences in [the] plaintiff['s] favor." *Freedom*

*Holdings Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004). A court must also proceed "on the assumption that all the allegations in the complaint are true," even if some allegations are "doubtful in fact." *Twombly*, 550 U.S. at 555. *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2021 WL 4124616, at *7 (S.D.N.Y. Sept. 9, 2021).

### B. Defendant Expressly and Unequivocally Waived the Affirmative Defense of Statute of Limitations

To be sure, Title IX does not include an express statute of limitations, and the four-year federal catch-all statute of limitations ordinarily does not apply. *Purcell v. New York Inst. of Tech.-Coll. Of Osteopathic Medicine*, 931 F.3d 59, 62 & n.10 (2d Cir. 2019) (citing Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004)). Accordingly, the Court "must apply 'the most appropriate or analogous state statute of limitations.'" *Purcell*, 931 F.3d at 63 & n.11 (quoting *Curto* v. *Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004). The statute of limitations ordinarily deemed applicable is the state statute of limitations for personal injury. In New York, personal injury claims must be filed within three years from the time the cause of action accrued. N.Y. C.P.L.R. § 214(5). *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004).

The accrual of a federal claim "is a question of federal law that is not resolved by reference to state law." *See, e.g., Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 333 (E.D.N.Y. 2012). (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)). A Title IX claim accrues when a Plaintiff knew or had reason to know of the injury which is the basis of his claim. *Zimmerman*, 888 F. Supp. 2d at 333

With respect to Plaintiff's Title IX claims arising from Defendant's investigation and adjudication of Roe's complaint, Defendant seeks to assert the affirmative defense that the

10

statute of limitations bars Plaintiff's claims. In fact, Defendant waived statute of limitations as part of a third stipulation to grant it more time to respond to the Article 78 proceeding.

On November 2, 2017, Doe challenged the administrative decision of SUNY's Appeal Board by filing a Verified Petition for a judgment pursuant to Article 78. N.Y. C.P.L.R 7801-7806 with a return date of December 1, 2017. Defendant obtained an adjournment of the return date to January 12, 2018. On January 3, 2018, Defendant obtained a second adjournment to January 26, 2018. On January 26, 2018, Defendant obtained a third adjournment of the matter to March 23, 2018. By the January 26, 2018 stipulation, the parties agreed to a change of venue to Westchester County. In addition, Defendant agreed to file answering papers and a full and complete copy of the administrative record on or before March 16, 2018. Finally, Defendant agreed to the following:

> Respondent further stipulates *that it shall not file a motion to dismiss on jurisdictional, statute of limitations or res judicata grounds*, and that upon the filing of the answer, this matter shall be transferred to the Appellate Division, Second Department.

Defendant argues that these waivers only applied to the Article 78 litigation. But this interpretation is not reflected in the words of the waiver. There is simply no language in the waiver that limits it to the Article 78 Petition, although it is clear from the procedural posture of the case that SUNY was making this concession in return for a third stipulation of additional time to answer the Petition.

Moreover, Defendant's interpretation of these waivers make no sense. All three waivers contemplate other litigation. Res judicata, in particular necessarily contemplates the Plaintiff's right to pursue other litigation avenues. The doctrine of res judicata bars a subsequent legal proceeding where the previous action involved an adjudication on the merits, involved the plaintiff,

11

and where the claims asserted in the second proceeding were, or could have been, raised in the prior action. *Marvel Characters, Inc. v Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002); *Monihann v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). In the context of SUNY's waiver of res judicata here, such a waiver can *only* mean that SUNY is waiving the defense that a decision adverse to John Doe on the merits in the Article 78 litigation would foreclose John Doe from relitigating his claim elsewhere. Similarly, its waiver of statute of limitations and jurisdictional defenses would mean that SUNY is waiving these defenses in any litigation arising from the same facts.

It was, of course for Defendant to ensure that its waivers were articulated clearly and any ambiguity that Defendant may want to inject at this stage should be resolved against SUNY, especially since the plain meaning of the words used in the stipulation do not support Defendant's self-serving and belated interpretation.

In any event, Plaintiff was certainly misled by Defendant to believe that Defendant was, in fact waiving statute of limitations as a bar to litigation arising from SUNY's wrongful Title IX investigation, adjudication, and sanction. Hence, Defendant should now be estopped from asserting this defense.

Under New York law, the doctrines of equitable tolling or equitable estoppel "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Doe v. Holy See (State of Vatican City),* 17 A.D.3d 793, 794, 793 N.Y.S.2d 565 (N.Y.App.Div.2005) (internal quotations omitted); *Kotlyarsky v. New York Post,* 195 Misc.2d 150, 757 N.Y.S.2d 703, 706 (N.Y.Sup.Ct.2003).

"Due diligence on the part of the plaintiff in bringing [an] action," however, is an essential element of equitable relief. *Holy See,* 17 A.D.3d at 796, 793 N.Y.S.2d 565. The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim "have ceased to be operational." *Id.* Here, the facts giving rise to the equitable tolling continue to be operational. Nevertheless, Plaintiff has exercised due diligence in this matter. Plaintiff filed an Article 78 Petition within four months of the adverse determination by the Defendant Appeal Board; he served Defendant with a Notice of Intention to File a Claim (attached to the Complaint as Exhibit A. ECF No. 1) shortly after the Article 78 Decision, and he filed this Complaint less than six months after Notice of Entry of the Article 78 Decision.

### C. New York State Tolling Rules Apply to Plaintiff's Title IX Claims Based on SUNY's Mistreatment of John Doe in the Fall of 2018

Plaintiff's Title IX claims based on Defendant's mistreatment of him upon his return to school in the fall 2018 are also not time-barred. It is well understood that the borrowing of a state-law statute of limitations carries with it the borrowing of the state's coordinate tolling rules, *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429 (S.D.N.Y.), *aff'd,* 579 F. App'x 7 (2d Cir. 2014) *See Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir.2002) (state tolling rules determine whether the limitations period has been tolled for section 1983 claim); see also *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).

New York Governor Cuomo's Executive Order 202.8, titled "Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency," which Governor Cuomo issued on March 20, 2020 initiated a tolling of statutes of limitations in New York (*9 NYCRR 8.202.8*). Governor Cuomo issued a series of nine subsequent executive orders that

extended the tolling period, eventually through November 3, 2020 (*see* Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72][7]). *Brash v. Richards,* 195 A.D.3d 582, 149 N.Y.S.3d 560, 562 (2021).   The executive orders have been deemed a toll and not a suspension of filing deadlines associated with, inter alia, statutes of limitations. *Id.*  Federal district courts have already held that the Executive Order applies to Section 1983 claims. See *Bonilla v. City of New York*, No. 20-cv-1704 (RJD) (LB), 2020 WL 6637214, at *2-3 (E.D.N.Y. Nov. 12, 2020) (holding that the Executive Order tolled the statute of limitations with respect to the plaintiff's Section 1983 claims).

Accordingly, Plaintiff's claims arising from SUNY's treatment of him upon his return to school, during an ongoing *persona non grata* suspension based on an erroneous finding of responsibility for rape are not barred by the three year statute of limitations, as the statute of limitations would not have run until 228 days after October 8, 2018, or May 24, 2022.

### D. **SUNY's Treatment of Plaintiff in the Fall of 2018 Constituted a Continuing Violation Which Brings All Title IX Claims in the Complaint Within the Statute of Limitations**

Plaintiff's Title IX claims based on the Defendant's investigation and adjudication of Roe complaint are also not time-barred under the continuing violation doctrine.  "[U]nder the continuing violation doctrine, a plaintiff may bring claims for discriminatory acts that would have been barred by the statute of limitations as long as an act contributing to that

---

[7] The Court should take judicial notice of executive orders issued by the Governor of NewYork. *See Cloister E., Inc. v. New York State Liquor Auth.*, No. 20-CV-6545 (LAK), 2021 WL 4443848 (S.D.N.Y. Sept. 28, 2021) (District court would take judicial notice of executive orders issued by Governor of New York restricting restaurant operations due to COVID-19 pandemic based on guidance issued by New York Department of Health (DOH), as well as such guidance itself).

[discrimination] took place within the statutory time period." Therefore, "a continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the [defendant] to continue unremedied for so long as to amount to a discriminatory policy or practice." *Purcell v. New York Inst. of Tech.-Coll. Of Osteopathic Medicine*, 931 F.3d 59, 62 & n.10 (2d Cir. 2019)

A reasonable fact finder could conclude on these facts that SUNY's treatment of Plaintiff from the inception of its investigation, through its hearing and appeal determinations, and through the suspension treatment of Plaintiff upon his return to SUNY constituted a continuing violation. *See Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 697 (S.D.N.Y. 2002) (citation omitted) ("Questions of fact that arise in applying a statute of limitations are for the trier of fact."); *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243 n.2 (2d Cir. 1984) ("Where the statute of limitations operates as an affirmative defense ... issues of fact as to the application of that defense must be submitted to the jury."). *Eckhart v. Fox News Network, LLC,* No. 20-CV-5593 (RA), 2021 WL 4124616, at *15 (S.D.N.Y. Sept. 9, 2021). *see eg., Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 101,118 (explaining that even if nearly a year has lapsed between discriminatory events, a hostile work environment may exist for that entire period).

Under this theory, Defendant's Title IX violations continued through its retaliatory refusal to reimburse Defendant when he withdrew from school in October of 2018. Specifically, Defendant insisted on charging Plaintiff for the full semester and refused to waive his fees *because* of the very sexual assault adjudication that has been found to have been erroneous. ¶57. This type of selective and even retaliatory treatment of Plaintiff was a continuation of the Title IX violations committed by SUNY against Defendant and continued after Plaintiff withdrew from school.

15

E. **Defendant Waived Its Sovereign Immunity**

Defendant waived sovereign immunity when it waived all jurisdictional defenses in the related Title 78 Petition. *See John Doe v. Purchase College State University of New York*, NYSCEF Index No. 51492/2018, Doc No. 12. The Eleventh Amendment to the United Stated Constitution bars suit by a private citizen in federal court for relief against a State absent the State's consent or an express statutory abrogation of immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). However, a State may waive its sovereign immunity at its pleasure. *College Savings Bank v. Florida Prepaid Postsecondary Ed. Wexpense Bd.*, 527 U.S. 666, 675-676. "[A] State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued" *Cloister E., Inc. v. New York State Liquor Auth.*, No. 20-CV-6545 (LAK), 2021 WL 4443848, at *6 (S.D.N.Y. Sept. 28, 2021). Hence, mere consent to suit in state court would not confer federal-court jurisdiction over states and their agencies. *Id*. Here, SUNY waived all jurisdictional claims in a stipulation entered into in the related Article 78 Proceeding, as discussed above. Defendant did not merely consent to be sued in state court. It specifically waived all jurisdictional defenses. Accordingly, the state law claims should not be dismissed.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss Plaintiff's Complaint, and grant such other and further relief that the Court deems just and equitable.

Dated: New York, New York
      March 4, 2022

                                      Aidala, Bertuna & Kamins, PC
                                      By: /s/*Diana Fabi*
                                           Diana Fabi
                                           Imran Ansari
                                           Michael DiBenedetto
                                           546 Fifth Avenue, 6th Floor
                                           New York, New York 10036
                                           *Attorneys for Plaintiff*