UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN DOE,

                Plaintiff,

  - against -

STATE UNIVERSITY OF NEW YORK PURCHASE
COLLEGE,

                Defendant.

------------------------------------------------------------x

**PROPOSED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

21 Civ. 8417 (KMK)(PED)

## PROPOSED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, discovery (including without limitation, interrogatories, document productions and depositions) and other proceedings in *Doe v. State University of New York Purchase College*, No. 21-CV-8417 (KMK)(PED) (the "Litigation"), may involve the production or disclosure of Confidential Material (as defined herein);

WHEREAS the Parties agree that a protective order is necessary to ensure appropriate protection of privacy interests and other legitimate interests in confidentiality;

WHEREAS the Parties agree to the terms of this Order ("Protective Order") to protect their confidential documents, things, and information;

WHEREAS this Protective Order does not operate to mandate disclosure of any particular information and does not work to waive any objections any Party may have to the production of any particular information in response to a demand in this Litigation; and

WHEREAS good cause exists for the entry of this Protective Order,

PURSUANT to Federal Rule of Civil Procedure 26(c), IT IS HEREBY STIPULATED AND ORDERED THAT:

1. This Protective Order shall govern the handling of all information and/or materials produced or disclosed during the course of the Litigation, by any Party or Non-Party, including but not limited to information produced or disclosed:

    a. in any pleading, document, affidavit, affirmation, declaration, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other written, electronic, recorded or graphic material;

    b. in testimony given in a deposition, court hearing, or trial, and any copies, or summaries of such information; or

    c. through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2. As used herein, the term "Discovery Material" refers to that information and/or materials described in 1(a)-(c) above. A Party that designates Discovery Material as Confidential ("Confidential Material") is the "Designating Party."

3. As used herein, "the Litigation" refers to all proceedings in the above-captioned case, including any appeals and the implementation of any remedy agreed to by the Parties or ordered by the Court.

4. The following documents and information produced or provided by the Parties or Non-Parties during the course of this Litigation, except information which is publicly available, may be designated by any Party as Confidential Material:

    a. all documents and information containing personal health or disability information of any Party hereto, or any other person, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a Party or Non-Party pursuant to any Authorization to Release Medical Records executed by the Plaintiff in this action;

    b. all documents and information containing mental health or psychiatric information of any Party hereto, or any other person, including but not limited to documents and information covered by HIPAA and records

          disclosed by a Party or Non-Party pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiff in this action;

c.     all documents and information relating to the private, personal, and non-public information of Non-Parties to the Litigation;

d.     all documents and information that relate to the personnel records for any Non-Party employee or former employee of the State University of New York ("SUNY");

e.     any documents and information which counsel for all Parties agree should be Confidential Material;

f.     any other documents and/or information which counsel believes in good faith to be Confidential Material that can be protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c);

g.     any Discovery Materials that the Court directs to be produced as Confidential subject to this Order; and

h.     testimony about the documents and information covered by Paragraph 4(a)-(g).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.     Any summary, compilation, notes, copy, electronic images, or database containing Material and/or information designated as "Confidential" shall be subject to the terms of this Protective Order to the same extent as the Material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

6.     Any Party producing Confidential Material described in Paragraph 4 of this Protective Order ("the Producing Party") may designate such Discovery Material as Confidential. To designate the Discovery Materials as Confidential, the Producing Party shall mark the document with the words "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or with a similar legend. Where such marking of each piece of such Material is impossible or impractical (such as productions of groups of documents in native form),

the Producing Party shall designate in writing that information or Material it regards as containing Confidential Material at the time of its production. In the case of any Discovery Material that is in the form of an audio or video recording (whether analog or digital) that cannot be designated "Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark the CD-ROM, DVD, or other physical medium containing such electronic data or documents with the appropriate designation. So-marked documents, and the information contained therein, shall not be disclosed to anyone by the Party receiving the Confidential Material ("the Receiving Party"), except as provided in this Protective Order. The designation of Discovery Material as Confidential constitutes a representation by the Producing Party that counsel has adequately reviewed the Discovery Material and has determined that there is good cause for the designation under Paragraph 4 of this Protective Order.

7. Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material:

    a. shall be used by the Receiving Party solely for the purpose of, or in investigation and preparation for, proceedings, hearings, depositions, motions, and trial in this action, and not for any other purpose, including in any other actions or claims interposed by the Plaintiff or any other person against the Defendant.

    b. Confidential Material may be disclosed by the Receiving Party only to:

        i. the Parties;

        ii. counsel representing the Parties, including in-house counsel, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in preparation or litigation of this action;

        iii. current employees of SUNY, including, without limitation, Purchase College, who would normally have access to such information;

    iv.    current or former employees of SUNY, including, without limitation, Purchase College, other than those who would normally have access to such information, solely for purposes of consultation or questioning regarding claims and defenses at issue in this Litigation;

    v.    any expert or consultant who has been retained by any Party for purposes of the Litigation and any necessary assistants or employees under the expert's or consultant's direct supervision;

    vi.    for purposes of investigation, preparation, deposition, or trial in this action only, any deponent, witness, or potential deponent or potential witness who authored or otherwise had or should have had access to, familiarity with, or knowledge of the facts and circumstances to which the Confidential Material relates, including but not limited to current or former employees of SUNY;

    vii.    any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

    viii.    court reporters, as necessary for the conduct of the Litigation; and

    ix.    the Court and personnel employed by it.

8. Prior to the disclosure of any Confidential Material by a Receiving Party to a person identified in subparagraphs 7(b)(v) or (vii), counsel for the Party proposing to make such disclosure shall ensure that a copy of this Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Protective Order and consent to the Court's jurisdiction for the purpose of enforcing this Protective Order in the form of the Non-Disclosure Agreement annexed hereto as **Exhibit A**.  Counsel of record shall maintain a list of the names of all persons to whom such materials or information is disclosed and such list shall be available for inspection by counsel for the Designating Party upon order of the Court following a showing of good cause. The parties further agree that electronic signatures shall be sufficient and they shall be as binding upon the individuals as the original.

9. All Confidential Material shall be maintained by the Receiving Party in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 7, and only pursuant to the procedures in Paragraph 8.

10. A Receiving Party shall not file Confidential Material in the record of the Litigation or with the Court, except as follows:

   a. A Receiving Party may file unredacted Confidential Material in the record of this Litigation, or with the Court, upon written consent by counsel for the Producing Party.

   b. If a Party uses Confidential Material in a pleading, motion, or other submission filed with the Court without the written consent of counsel for the Producing Party, the Party using the Confidential Material shall seek to file its submission electronically under seal or with appropriate redactions in accordance with the Court's Local Rules and Individual Practices.

   c. If a Receiving Party intends to use or elicit testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Receiving Party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach of this Protective Order when acting in compliance with an order or direction of the Court.

11. Any Party, through its counsel, may designate as Confidential any deposition testimony that the Party believes in good faith discusses or discloses Confidential Material. Such designation may be made orally on the record of a deposition or by written notice within 30 days from the receipt of the final (i.e., not "draft" or "rough") transcript. The court reporter shall be notified of any confidentiality designations made after the final transcript is sent to the Parties. Upon receipt of a confidentiality designation, all Parties in possession of the deposition transcript shall be required to mark the designated pages accordingly on all copies of the transcript and treat those pages of the transcript appropriately. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a legend of "CONFIDENTIAL" to pages that contain

testimony designated as such. All transcripts shall be treated as "CONFIDENTIAL" until the time to designate has expired.

12. In the event that any Party obtains documents or information from a Party or Non-Party that it believes are confidential, any Party may designate such documents or information as Confidential Material pursuant to this Protective Order and it shall be treated as such in accordance with this Stipulation and Protective Order.

13. Any person making copies of Confidential Material must ensure that the copies adequately reflect the "Confidential" designation.

14. In the event of a disclosure to an unauthorized Party of information designated under this Protective Order as Confidential, the disclosing party shall without delay (a) notify the Designating Party of the disclosure; (b) take all reasonable steps to recover the document, material or other information, and (c) report to the Designating Party immediately upon recovery or failure to recover the Confidential Material.

15. Inadvertent or unintentional failure to appropriately designate a document as Confidential shall not be deemed a waiver of a Party's claim of confidentiality. Such inadvertent failure to designate may be corrected by written notice to the other Parties and a supplemental production, each given as soon as practicable. Thereafter, the disclosed document or information shall be treated as Confidential Material.

16. A designation of Confidential Material by one Party shall not be deemed an acknowledgment of confidentiality by any other Party except for purposes of this Stipulation. At any time, a Party may object to a designation of Discovery Material as Confidential, in whole or in part, by communicating the objection in writing to the Designating Party and stating the reasons

for the objection. Within ten (10) days after receiving an objection, the Designating Party shall respond in writing to the objecting Party, either withdrawing the designation or providing the reasons why the designation will not be withdrawn. Within ten (10) days thereafter, the Parties shall engage in a good faith effort amongst themselves to resolve the dispute and, if the dispute is not then resolved, the objecting party may seek a resolution from the Court pursuant to the terms of this Stipulation for such Discovery Material, certifying that good faith efforts to resolve the dispute were attempted but failed, and setting forth the reasons that the "Confidential" designation should not be enforced. The Party or Non-Party that has designated the Discovery Material as "Confidential" shall bear the burden of proving that it is entitled to such designation and has made a good faith designation thereof. The Discovery Material shall continue to be treated as Confidential while such a motion is pending. Any Party may request an *in camera* review of the information that is the subject of a dispute regarding a confidentiality designation.

17. Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with:

    a. The disclosure obligations of SUNY under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

    b. The interpretation, application, and implementation by SUNY, their public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations;

    c. The Parties', including any employee or official of SUNY, use of their own Confidential Material and/or Discovery Material;

18. Nothing contained herein is intended to or shall serve to limit in any way any Party's use of its own documents, Confidential Material and/or Discovery material.

19. This Protective Order does not preclude a Party from raising or preserving objections to discovery and does not waive any Party's right to assert attorney-client privilege, attorney work product doctrine, or any other privilege or immunity as the Litigation proceeds.

20. This Protective Order does not require production of documents as to which objections or privileges apply.

21. Fed. R. Civ. P 26(b)(5)(B) shall govern the return and use of materials produced in discovery which are subject to a claim of privilege or of protection as trial preparation material and the determination of claims of privilege and/or protection regarding such documents.

22. If any Party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another Party and designated as Confidential, the Party so requested shall give immediate written notice to the Designating Party of such subpoena or other notice. Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality. In no event shall production or disclosure be made before reasonable notice is given to the Designating Party.

23. Nothing in this Protective Order shall prejudice the rights of any Party to contest the alleged relevance, admissibility, or discoverability of Confidential Material sought.

24. Nothing in this Protective Order shall negate or obviate any requirement or obligation of confidentiality independent of this Protective Order.

25. This Protective Order shall survive and remain in full force and effect after the termination of the Litigation. Neither the termination of this lawsuit nor the termination of

employment of any person with access to any Confidential Material shall relieve such person from the obligation of maintaining the confidentiality of such information.

26. At the request of the Producing Party, upon the final conclusion of the Litigation, including any post-trial motions, appellate proceedings, and the period for implementation of any remedy agreed to by the Parties or ordered by the Court, all matter designated as Confidential (including all copies of such documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the Receiving Party to the Producing Party, or, in lieu of their return, such documents may be destroyed (as by shredding). The Receiving Party must certify in writing the return or destruction of all such documents within thirty (30) days of the Producing Party's request for return or destruction. However, counsel for the Receiving Party may retain their work product, copies of court filings, and official transcripts with all exhibits thereto, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as Confidential pursuant to this Protective Order. This Paragraph does not apply to the Court's copies of matter designated as Confidential.

27. Non-Parties from whom discovery is sought by the Parties to this Protective Order may designate materials as Confidential, consistent with the terms of this Protective Order, provided that such Non-Parties agree in writing to be bound by the terms of this Protective Order prior to the production of any such materials by executing the Non-Disclosure Agreement annexed hereto as Exhibit A. Under such circumstances, all duties applicable to the Parties that are signatories to this Protective Order shall apply to such Non-Parties.

28. This Protective Order is intended to be contractual in nature and may not be modified or changed orally. All changes or modifications shall be made in writing executed by the Parties and approved by the Court.

29. The Parties reserve the right to seek modification of this Protective Order by application to the Court for good cause shown.

30. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, the Parties will treat this Protective Order as though it had been "So Ordered."

31. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an Order of the Court.

Dated: _____ \_\_, \_\_\_\_

| | |
|---|---|
| Aidala, Bertuna & Kamins, PC<br><br>*Attorneys for Plaintiff*<br><br><br><br>By:<br>/s/ Michael DiBenedetto<br><br>Michael DiBenedetto, Esq.<br>Diana Fabi Samson, Esq.<br>546 Fifth Avenue, 6th Floor<br>New York, NY 10036<br>Tel. (212) 486-0011<br>diana@aidalalaw.com<br>mdibenedetto@aidalalaw.com | LETITIA JAMES<br>Attorney General<br>State of New York<br>*Attorney for Defendant SUNY*<br><br>By:<br><br>/s/ Mark Ferguson<br>Mark R. Ferguson<br>28 Liberty Street<br>New York, NY 10005<br>Tel. (212) 416-8635<br>Mark.Ferguson@ag.ny.gov |

**SO ORDERED:**

_____
Paul E. Davison, U.S.M.J.
Dated: 1/17/23

-13-

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I hereby acknowledge that I have read a copy of the Confidentiality Stipulation and Order ("Protective Order") entered in the Action presently pending in the United States District Court for the Southern District of New York entitled *Doe v. State University of New York Purchase College,* no. 21-CV-8417 (KMK)(PED), that I understand the terms thereof and agree to be bound by its terms, and that I submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Protective Order.

Signed under penalty of perjury of the laws of the United States of America, this _____ day of _____, 20__.

_____
Signature

_____
Name (Printed)