UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

 JOHN DOE,

                                        Plaintiff,

                                                            21-cv-8417 (KMK) (VR)

             - against -

 STATE UNIVERSITY OF NEW YORK
 PURCHASE COLLEGE,

                                        Defendant.

-----------------------------------------------------------------x


**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**


**LETITIA JAMES**
Attorney General
State of New York
*Attorney for Defendant*
28 Liberty Street
New York, New York 10005
Mark.Ferguson@ag.ny.gov
(212) 416-8635


*Of Counsel:*
MARK R. FERGUSON


August 14, 2023

## <u>TABLE OF CONTENTS</u>

**Page (s)**

TABLE OF AUTHORITIES ...........................................................................................................ii

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND ......................................................................................................................... 1

LEGAL STANDARDS ............................................................................................................... 4

ARGUMENT .............................................................................................................................. 5

     PLAINTIFF FAILS TO DEMONSTRATE ANY FACTUAL OR LEGAL BASIS TO
     RECONSIDER THE DENIAL OF HIS UNTIMELY REQUEST TO CONDUCT EXPERT
     DISCOVERY ......................................................................................................................... 5

CONCLUSION .......................................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Alvarez v. QPI Multipress, Inc.*,
    No. 99 Civ. 1352, 2007 WL 1988724 (N.D.N.Y. July 5, 2007)...............................................15

*Bard v. Bd. of Educ. of City of N.Y.*,
    No. 99 Civ. 0149, 2002 WL 188471 (S.D.N.Y. Feb. 6, 2002) ..................................................7

*City of Almaty, Kazakhstan v. Abyazov*,
    No. 15 Civ. 5345, 2019 WL 3281326 (S.D.N.Y. July 3, 2019) .................................................6

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
    142 S. Ct. 1562, *reh'g denied*, 142 S. Ct. 2853 (2022)...........................................................13

*Enzymotec Ltd. v. NBTY, Inc.*,
    754 F. Supp. 2d 527 (E.D.N.Y. 2010) ....................................................................................6

*Furry Puppet Studio Inc. v. Fall Out Boy*,
    No. 19 Civ. 2345, 2020 WL 4978080 (S.D.N.Y. Feb. 24, 2020) ...........................................13

*Gem Fin. Serv., Inc. v. City of New York*,
    No. 13 Civ. 1686, 2019 WL 8014411 (E.D.N.Y. Apr. 18, 2019)...........................................13

*Gindi v. N.Y. City Dep't of Educ.*,
    No. 15 Civ. 6475, 2017 WL 58833 (E.D.N.Y. Jan. 5, 2017)....................................................4

*Gotlin v. Lederman*,
    No. 04 Civ. 3736, 2007 WL 1429431 (E.D.N.Y. May 7, 2007), *adopted*, 2007
    WL 2088875 (E.D.N.Y. July 19, 2007)..................................................................................11

*Griffin Indus., Inc. v. Petrojam, Ltd.*,
    72 F. Supp. 2d 365 (S.D.N.Y. 1999)........................................................................................5

*Jacobs v. N.Y.C. Dep't of Educ.*,
    No. 11 Civ. 5058, 2015 WL 7568642 (E.D.N.Y. Nov. 24, 2015) ...........................................6

*King v. Friend of Farmer, Inc.*,
    No. 97 Civ. 9264, 2000 WL 290355 (S.D.N.Y. Mar. 21, 2000) ........................................6, 14

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
    729 F.3d 99 (2d Cir. 2013).................................................................................................4, 5

*Lopez v. Louoro*,
    No. 01 Civ. 2490, 2002 WL 31682398 (S.D.N.Y. Nov. 27, 2002) ...........................................7

*Lory v. Gen. Elec. Co.*,
  179 F.R.D. 86 (N.D.N.Y. 1998)................................................................................................10

*Mendez v. Barlow*,
  No. 04-CV-1030S(F), 2008 WL 2039499 (W.D.N.Y. 2008)....................................................10

*Monaghan v. SZS 33 Assocs.*,
  153 F.R.D. 60 (S.D.N.Y. 1994) ..................................................................................................5

*Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*,
  No. 08 Civ. 3697, 2009 WL 2432729 (S.D.N.Y. July 31, 2009), *objections
  overruled*, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010)............................................................10

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000)........................................................................................................5

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*,
  No. 11 Civ. 726, 2012 WL 2458060 (E.D.N.Y. June 27, 2012), *aff'd*, 2012
  WL 3306612 (E.D.N.Y. Aug. 13, 2012).....................................................................................9

*Reyna v. Target Corp.*,
  No. 20 Civ. 1233, 2022 WL 12399321 (S.D.N.Y. Oct. 21, 2022) ...........................................10

*Rodriguez v. Athenium House Corp.*,
  No. 11 Civ. 5534, 2012 WL 2161284 (S.D.N.Y. June 14, 2012)...............................................7

*Rubik's Brand Ltd. v. Flambeau, Inc.*,
  329 F.R.D. 55 (S.D.N.Y. 2019) ................................................................................................14

*Saray Dokum ve Madeni Aksam Sanayi Turizim A.S. v. MTS Logistics Inc.*,
  335 F.R.D. 50 (S.D.N.Y. 2020) ..............................................................................................5, 6

*Schaffer v. Soros*,
  No. 92 Civ. 1233, 1994 WL 592891 (S.D.N.Y. Oct. 31, 1994) .................................................5

*Schoolcraft v. City of New York*,
  248 F. Supp. 3d 506 (S.D.N.Y. 2017).......................................................................................12

*Sequa Corp. v. GBJ Corp.*,
  156 F.3d 136 (2d Cir. 1998).....................................................................................................5, 9

*Trebor Sportswear Co. v. The Limited Stores, Inc.*,
  865 F.2d 506 (2d Cir. 1989)......................................................................................................11

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992)......................................................................................................4

iii

*Wilcox v. RBS Citizens, N.A.*,
    No. 08 Civ. 571, 2009 WL 1813219 (N.D.N.Y. June 25, 2009) ............................................14

*Zsa Jewels, Inc. v. BMW of N. Am., LLC*,
    No. 15 Civ. 6519, 2020 WL 3403116 (E.D.N.Y. June 18, 2020) ........................................13

**STATE STATUTES**

N.Y. Educ. Law
    § 351......................................................................................................................................1
    § 352......................................................................................................................................1

**RULES**

Fed. R. Civ. P.
    R. 16...............................................................................................................................10, 15
    R. 16(b)..........................................................................................................................10, 15
    R. 16(b)(4)..........................................................................................................................5, 9
    R. 26..................................................................................................................................11
    R. 26(b)(2)(C)(ii) .............................................................................................................11

Defendant, the State University of New York ("SUNY"),[1] respectfully submits this memorandum of law in opposition to Plaintiff's motion for reconsideration of the Court's Order denying Plaintiff's untimely request to reopen discovery.

## PRELIMINARY STATEMENT

This case has been pending for nearly two years, and the deadline to complete discovery has long passed. Nonetheless, Plaintiff belatedly seeks to conduct expert discovery, despite the fact that he failed to timely disclose an expert within the timeframe set by the Court; he failed to timely seek an extension despite multiple opportunities to do so; and despite the Court's clear warning that the deadlines to complete discovery would not be extended. Instead, Plaintiff belatedly filed two letters that wholly failed to offer any legitimate justification for his failure to comply with the Court's Scheduling Order, and the Court properly denied Plaintiff's request. Plaintiff's motion for reconsideration fails to show that the Court overlooked any facts or law in finding that Plaintiff failed to demonstrate good cause to reopen discovery, and the motion should be denied.

## BACKGROUND

Plaintiff commenced this action in October 2021. *See* ECF No. 1. After the Court decided Defendant's motion to dismiss, the parties proceeded to discovery.[2] On October 14, 2022, the parties filed a proposed case management plan (ECF No. 37) and on October 17, 2022, the Court

---

[1]     As a subdivision of SUNY, SUNY Purchase is not a legally-cognizable entity separate from SUNY. *See* N.Y. Educ. Law §§ 351-52. Therefore, SUNY is the sole appropriate defendant in this action.

[2]     Plaintiff's memorandum of law contains a lengthy "Statement of Facts" that has no bearing on this motion. Instead, it is replete with mischaracterizations and references to claims that have already been dismissed by this Court. *See* ECF No. 68, at pp. 1-5. Specifically, under the Court's Opinion and Order on Defendant's motion to dismiss (ECF No. 30), the only claims that remain in this case are Plaintiff's Title IX claims concerning his treatment upon his return to campus. The remainder of his claims—including all of his claims based on the adjudication of Roe's claims in 2017—have been dismissed with prejudice. See ECF No. 30 at p. 27.

issued a Case Management Scheduling Order, which provided that fact discovery was to be completed by February 10, 2023 and:

> All *expert* disclosures, including reports, production of underlying documents and depositions are to be completed by:
> a. Expert(s) of Plaintiff(s) March 24, 2023.
> b. Expert(s) of Defendant(s) May 8, 2023.

ECF No. 39, at ¶¶ 5-7. The Scheduling Order further provided: "There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without the permission of the Court, nor should counsel assume that any extensions will be granted." *Id.* at ¶ 15.

The parties then commenced discovery, and on January 26, 2023, jointly requested an extension of the deadlines set forth in the Scheduling Order. *See* ECF No. 50. Specifically, the parties requested the following deadlines: (a) close of fact discovery by April 11, 2023; (b) completion of Plaintiff's expert discovery by May 23, 2023; and (c) completion of Defendant's expert discovery by July 7, 2023. *Id.* On January 27, 2023, the Court granted the request and adopted those new deadlines. ECF No. 52. In doing so, the Court stated that "there will be no more discovery extensions." *Id.*

The parties continued conducting discovery and attended telephone conferences with Magistrate Judge Davison on February 3 and March 17, 2023. *See* Minute Entries. Plaintiff did not raise any issues with scheduling or expert discovery at either of these conferences. The final fact witness deposition was scheduled for April 5, 2023, but needed to be adjourned due to the witness's unexpected hospitalization. *See* Declaration of Mark R. Ferguson, dated August 14, 2023 ("Ferguson Decl.") at ¶¶ 3-4. The parties agreed that the deposition would go forward when the witness was able. *See id.* at ¶ 4. In the numerous communications between counsel during this time, Plaintiff did not raise any issues with scheduling expert discovery. *See id.* at ¶ 5 The parties

2

appeared for a telephone conference with Magistrate Judge Davison on April 28, 2023, and informed the Court that there was one final fact witness deposition to be conducted, but that the parties were not seeking an extension of the expert discovery deadlines. *See id.* at ¶ 6.

On May 18, 2023, six days before the deadline to complete all discovery of Plaintiff's expert, Plaintiff raised that he may seek a two-week extension of the expert discovery deadline. *See* Ferguson Decl. at ¶ 8. At that time, Defendant indicated that it would potentially be amenable to a short extension, so long as Defendant got a commensurate extension. *See id.* However, Plaintiff took no further action, and the deadline for Plaintiff's expert discovery passed without counsel raising it again or seeking an extension from the Court. *See id.* at ¶ 9.

One month later, when the parties were preparing their joint status update to Magistrate Judge Reznik, Plaintiff informed Defendant that Plaintiff was still considering a request to extend expert discovery, to which Defendant informed Plaintiff that Defendant would not consent, as the deadline had already passed.[3] *See* Ferguson Decl. at ¶ 11. Approximately one week later, Plaintiff indicated again that he might want an unspecified extension for an unidentified expert, and Defendant stated that it would oppose any extension at that point. *See id.* at ¶ 12. Three weeks later, on July 6, 2023, Plaintiff filed a one-page letter seeking an extension of time to complete expert discovery. *See* ECF No. 59; Ferguson Decl. at ¶ 13. In that letter, Plaintiff failed to provide any information about his proposed expert or other details warranting his request.[4] *Id.* The next

---

[3]     Contrary to Plaintiff's contention, Defendant never "reneged" on any agreement (ECF No. 67, ¶ 13). While Defendant had indicated a potential willingness to consent to an extension prior to the expiration of the deadline, Plaintiff never made a formal request for Defendant to respond to, and Defendant made clear that it would not consent once the deadline passed.

[4]     In his initial request, Plaintiff claimed that he "was mistakeably under the impression and had calendared Plaintiff's expert disclosure for July 7, 2023." ECF No. 59. That explanation is belied by the fact that the Scheduling Order in this case has never provided a date for expert disclosure, but instead provides a date for the completion of *all* discovery relating to a designated expert. Moreover, Plaintiff appears to have abandoned his initial explanation, and

day, on July 7, 2023, Defendant filed a letter in opposition, correcting the mischaracterizations in Plaintiff's letter, and detailing the deficiencies in Plaintiff's request warranting the denial of his application.  *See* ECF No. 60.  That same day, the Court denied Plaintiff's request, stating: "Plaintiff needs to provide far more information to support this tardy request in a letter by 7/11/23." ECF No. 61.

On July 11, 2023, Plaintiff filed a letter supplementing his request.  *See* ECF No. 62.  In that letter, Plaintiff again failed to provide adequate justification for his untimely request, and on July 12, 2023, the Court denied Plaintiff's request, stating: "Plaintiff still has not provided any compelling justification for why Plaintiff waited until after the discovery deadline, which had been extended on the condition that there would be no more extensions, to re-open expert discovery. The discovery in this case has not been overwhelming."  ECF No. 63.  Plaintiff now moves for reconsideration.  For the reasons stated herein and in Defendant's prior letter (ECF No. 60), Plaintiff's motion should be denied.

## LEGAL STANDARDS

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Gindi v. N.Y. City Dep't of Educ.*, No. 15 Civ. 6475, 2017 WL 58833, at *1 (E.D.N.Y. Jan. 5, 2017) (internal citations omitted).  "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting V*irgin Atl. Airways, Ltd. v. Nat'l*

---

is now taking the contradictory position that his tardiness was due not to a calendaring error, but because he relied upon his understanding that Defendant would consent to an extension, based on a conversation six weeks earlier.

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted)).   "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."  *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citing *Monaghan v. SZS 33 Assocs.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994)).

A motion for reconsideration "is not a vehicle for 'presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"" *Id.*  (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "Moreover, the decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *Id.*  (citing *Schaffer v. Soros*, No. 92 Civ. 1233, 1994 WL 592891 at *1 (S.D.N.Y. Oct. 31, 1994) (internal citation omitted).

## ARGUMENT

### PLAINTIFF FAILS TO DEMONSTRATE ANY FACTUAL OR LEGAL BASIS TO RECONSIDER THE DENIAL OF HIS UNTIMELY REQUEST TO CONDUCT EXPERT DISCOVERY

Plaintiff has failed to establish any of the elements required to prevail on a motion for reconsideration.  He does not identify any "intervening change of controlling law," new evidence, clear error, or manifest injustice.  *See Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104. As such, his motion should be denied.

Once a court enters a scheduling order, the discovery deadlines may be modified only for "good cause."  Fed. R. Civ. P. 16(b)(4).  Whether "good cause" exists "turns on the diligence of the party seeking to modify the scheduling order."  *Saray Dokum ve Madeni Aksam Sanayi Turizim A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020); *see Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence

of the moving party."). "To satisfy the good cause standard, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010). Accordingly, the "party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite [his] diligence." *King v. Friend of Farmer, Inc.*, No. 97 Civ. 9264, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000) (citation omitted).

Courts within the Second Circuit consider six factors in analyzing motions to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Jacobs v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5058, 2015 WL 7568642, at *3–4 (E.D.N.Y. Nov. 24, 2015); *accord City of Almaty, Kazakhstan v. Abyazov*, No. 15 Civ. 5345, 2019 WL 3281326, at *8 (S.D.N.Y. July 3, 2019).[5] "[C]ourts do not apply these factors" in every case, and "their application [is not] mandatory." *Saray Dokum*, 335 F.R.D. at 52. The consideration of these factors here weigh against the reopening of discovery and support the denial of Plaintiff's motion.

First, although trial is not imminent, discovery is complete, and Defendant is prepared to begin the process for moving for summary judgment in accordance with the Court's Scheduling Order. *See* ECF No. 58. "[P]laintiff cannot avoid [his] discovery obligations merely by arguing that, because trial is not imminent, defendants would not be prejudiced by a belated expert

---

[5]     Plaintiff points to the balancing factors considered on a motion to extend discovery (ECF No. 68, at pp. 7-8) instead of the applicable standard on a motion to reopen discovery. Nonetheless, those factors equally militate in favor of the denial of Plaintiff's request for the reasons discussed herein.

disclosure. Both defendants and the Court are entitled to assume that, if plaintiff agrees to a deadline, and certainly if that deadline is ordered by the Court, plaintiff will either meet the deadline or request an adjournment in a timely matter . . ." *Bard v. Bd. of Educ. of City of N.Y.*, No. 99 Civ. 0149, 2002 WL 188471, at *5 (S.D.N.Y. Feb. 6, 2002). "Moreover, commencing a new period of expert discovery at this late date, when all discovery is otherwise complete, would undoubtedly delay any trial of this action." *Id.. See also Rodriguez v. Athenium House Corp.*, No. 11 Civ. 5534, 2012 WL 2161284, at *3 (S.D.N.Y. June 14, 2012) (denying motion to modify scheduling order because it would impact the dispositive motions schedule and "the movants did not show that their delay in making expert disclosures was due to circumstances beyond their or their counsel's control").

If Plaintiff is allowed to reopen discovery, it will necessarily delay this case. If Plaintiff discloses an expert and provides the requisite documentation, Defendant will require time to review the report, depose the expert, investigate whether to commence motion practice to strike Plaintiff's expert, and consider whether to retain a rebuttal expert (which will necessitate even further discovery). All of this will serve to further delay this case and weighs against a finding of good cause. *See, e.g., Lopez v. Louoro*, No. 01 Civ. 2490, 2002 WL 31682398 (S.D.N.Y. Nov. 27, 2002) (denying leave to file untimely supplemental expert report in light of prior significant extensions to discovery schedule, Court's prior warning that further extensions would be granted only for good cause, and fact that plaintiff would need additional time to explore the expert's opinion and conduct a deposition).

Second, Plaintiff's request is opposed. While Plaintiff attempts to excuse his failure to abide by the Court's rulings by claiming that he "relied on representations made by counsel for the

Defendant that he would agree to extend Plaintiff's deadline for expert discovery" (ECF No. 67, at ¶ 5), that is insufficient to meet his burden to show good cause.

Pursuant to the Court's revised Scheduling Order, the deadline to complete Plaintiff's expert discovery was May 24, 2023. *See* ECF Nos. 39, 52. This included "all expert disclosures, including reports, production of underlying documents and depositions." *See* ECF No. 39. Nonetheless, it was not until May 18, 2023, six days before the deadline, that Plaintiff, for the first time, raised that he may seek a two-week extension of the expert discovery deadline. *See* Ferguson Decl. at ¶ 8; *see also* ECF No. 60, at pp. 1-2. At that time, Defendant indicated that it would potentially be amenable to a short extension, so long as Defendant got a commensurate extension. *Id.* However, Plaintiff took no further action, and the deadline for Plaintiff's expert discovery passed without counsel raising it again or seeking an extension from the Court. *See id.* at ¶ 9. The next time that Plaintiff raised the issue was approximately one month later while the parties were preparing their joint status update to Magistrate Reznik. *See id.* at ¶ 11. Plaintiff informed Defendant that Plaintiff was still considering a request to extend expert discovery, to which Defendant informed Plaintiff that Defendant would not consent. *See id.* Plaintiff did not include any request to extend discovery in that joint letter to the Magistrate. *See* ECF No. 56. Approximately one week later, Plaintiff indicated that he might want an unspecified extension for an unidentified expert, and Defendant stated that it would oppose any extension at that point. *See id.* at ¶ 12. Then, Plaintiff waited nearly three additional weeks before seeking the Court's approval to conduct expert discovery. *See id.* at ¶ 13; ECF No. 59. The Court properly denied that request (after giving Plaintiff an additional opportunity to support his request, and Plaintiff wholly failed to do so). *See* ECF No. 63.

Moreover, even if Plaintiff thought that Defendant would not oppose extending the time to complete discovery, he was still required to seek Court approval. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also* ECF No. 39, at p. 4 (ordering that "There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without the permission of the Court, nor should counsel assume that any extensions will be granted."); ECF No. 52 (granting request for extension of time to complete discovery but stating "there will be no more discovery extensions"); Ferguson Decl. at ¶ 5, fn 2.  Plaintiff failed to timely do so, and thus his initial motion was properly denied.  In sum, Plaintiff points to no "intervening change of controlling law," "new evidence," or any "clear error" or "manifest injustice" that would render reconsideration appropriate.  Instead, Plaintiff is merely seeking a third bite at the apple, which is expressly prohibited on a motion for reconsideration. *See Sequa Corp.*, 156 F.3d at 144.

Third, Defendant would be prejudiced if the Court granted Plaintiff's untimely request to conduct discovery.  Contrary to Plaintiff's assertion, further delay in this case would harm Defendant, which is prepared to file a dispositive summary judgment motion setting forth the bases for dismissing Plaintiff's remaining claims. *See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11 Civ. 726, 2012 WL 2458060, at *8 (E.D.N.Y. June 27, 2012), *aff'd*, 2012 WL 3306612 (E.D.N.Y. Aug. 13, 2012) ("Defendants as well as the Court would be prejudiced by plaintiffs' belated amendments, as the period for fact and expert discovery has ended, and requests for pre-motion conferences on dispositive motions are due this week.").  Moreover, reopening discovery to accommodate Plaintiff's expert would necessitate time-consuming, costly discovery, including depositions, the potential retention of a rebuttal expert (with its attendant disclosure obligations), and perhaps motion practice.  This delay and expense would prejudice Defendant.

*See, e.g., Reyna v. Target Corp.*, No. 20 Civ. 1233, 2022 WL 12399321, at \*2 (S.D.N.Y. Oct. 21, 2022) ("reopening discovery to accommodate a new expert . . . would open the door to additional [discovery] . . . and a responsive expert or experts, with attendant delay and expense to defendant."). And, even if Defendant was not prejudiced, Plaintiff's failure to exercise diligence and failure to show good cause is fatal to Plaintiff's request. *See Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08 Civ. 3697, 2009 WL 2432729, at \*2 (S.D.N.Y. July 31, 2009), *objections overruled*, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010) ("Although a court also may consider whether the amendment will prejudice the non-moving party, the mere absence of prejudice is not sufficient to satisfy the good cause requirement of Rule 16(b)."); *Mendez v. Barlow*, No. 04-CV-1030S(F), 2008 WL 2039499, \*2 (W.D.N.Y. 2008) ("For purposes of Rule 16, a showing of good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. . . . Although the absence of prejudice to the non-moving party is relevant to the exercise of the court's discretion, it does not satisfy the good cause requirement"); *Lory v. Gen. Elec. Co.*, 179 F.R.D. 86, 89 (N.D.N.Y. 1998) ("Where, as here, good cause has not been shown, the absence of prejudice to the opposing party will not support a finding of good cause.").

Fourth, Plaintiff was not diligent in completing discovery or in seeking an extension of time. To the contrary, Plaintiff violated the Court's Scheduling Order and ignored the Court's warning that no further extensions would be granted. *See* ECF Nos. 39, 52. Plaintiff had multiple opportunities to seek the Court's approval of an extension of time to complete expert discovery; indeed, Plaintiff first raised the issue with Defendant on May 18, 2023. *See* Ferguson Decl. at ¶ 8. Yet Plaintiff waited until July 6, 2023 to request the extension—at least seven weeks after realizing he might need an extension and six weeks after the deadline for Plaintiff to complete

expert discovery.[6]  Further, while Plaintiff complains that the deposition of the last fact witness was adjourned from April 5 to June 16, 2023 due to the witness's hospitalization, Plaintiff provides no reason why he could not have requested an extension of the time for Plaintiff to complete expert discovery at the April 28 conference with Magistrate Judge Davison, in the June 22, 2023 joint status report to Magistrate Judge Reznik, or at any other point.

Moreover, Plaintiff provides no legitimate justification as to why he could not complete expert discovery within the timeframe set by the Court.  Both the Federal Rules and the Second Circuit provide that the discovery period should not be extended when a party has had ample opportunity to pursue the evidence during discovery.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii); *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989); *see also Gotlin v. Lederman*, No. 04 Civ. 3736, 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007), *adopted*, 2007 WL 2088875 (E.D.N.Y. July 19, 2007) ("an application to reopen discovery should be denied where the moving party 'has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline.'") (citations omitted).  Here, Plaintiff has not demonstrated that he was unable to retain an expert and complete expert discovery within the deadlines set forth in the Court's Scheduling Orders.  Plaintiff's proffered excuse that he was "entitled to a complete fact discovery record prior to obtaining expert discovery" (ECF No. 68, at p. 11) is insufficient. In support of his argument, Plaintiff cites a single state court decision interpreting the State's Civil Practice Law and Rules, which have no application here.  Plaintiff does not, and cannot, cite any controlling authority that allowed him to violate the Court's Scheduling Order due to his

---

[6]      Moreover, because May 24, 2023 was the deadline to complete *all* expert discovery with respect to Plaintiff's experts, any disclosure of an expert, with the production of the requisite report and other documentation required by Fed. R. Civ. P. 26, would have needed to be provided well in advance to ensure sufficient time for Defendant to review and to prepare for and conduct the expert's deposition.

preference to complete fact discovery prior to engaging an expert on his own alleged damages. Thus, Plaintiff's lack of diligence alone was sufficient for the Court to deny Plaintiff's request to reopen discovery, and Plaintiff provides no compelling reason for reconsideration.

Fifth, the discovery Plaintiff now wishes to conduct was foreseeable at the time of the entry of the Scheduling Order and the subsequent request for an extension.  Plaintiff's complaint, filed in October 2021, contains a request for economic damages.  *See* ECF No. 1, Prayer for Relief. Thus, if Plaintiff determined that expert testimony on the issue of his economic damages was warranted, it was known to him from the commencement of this action.[7]  Plaintiff fails to point to any intervening circumstances that would have changed the calculus as to whether an economic damages expert was warranted or necessary.

In an attempt to explain his delay, Plaintiff argues that the final fact deposition—SUNY Purchase's former Chief Diversity Officer and Title IX Coordinator—did not take place until June 16, 2023.  *See* ECF No. 67, at ¶¶ 6, 12; ECF No. 68, at pp. 6, 9-11.  But Plaintiff does not (and cannot) provide any explanation for why the deposition of that witness had any impact on expert discovery.  Plaintiff does not (and cannot) cite any portion of her testimony that affected his need for expert testimony or that had any relation to his claim for economic damages. Accordingly, because the "need" for the requested expert testimony was foreseeable to Plaintiff well before the

---

[7]        Indeed, Plaintiff's counsel states that he "diligently pursued the retention of an expert in this matter" but "this particular expert ultimately did not want to be deposed" so he "considered the retention of a different expert."  *See* ECF No. 67, at ¶ 9. But this only highlights that Plaintiff knew that he wished to retain an expert at an earlier (albeit unspecified) time but failed to act diligently to secure an extension.  Further, Plaintiff never previously disclosed this information to either defense counsel or the Court, and thus it is improperly submitted on this motion for reconsideration.  *See Schoolcraft v. City of New York*, 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) ("A party seeking reconsideration may neither repeat arguments already briefed, considered and decided nor advance new facts, issues or arguments not previously presented to the Court. . . . The reason for the rule confining reconsideration to matters that were 'overlooked' is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (internal citations and quotation marks omitted).

close of discovery, his request was properly denied.  *See, e.g., Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19 Civ. 2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (denying extension of discovery deadlines and stating that in to show good cause, a party should demonstrate "that there are circumstances that were not foreseen at the time of the order sought to be modified" and why the requested discovery "could not have been conducted earlier");  *Zsa Jewels, Inc. v. BMW of N. Am., LLC*, No. 15 Civ. 6519, 2020 WL 3403116, at *2 (E.D.N.Y. June 18, 2020) (denying motion to reopen discovery to allow for damages expert because the claim for damages "was foreseeable long before discovery closed . . . [and] Plaintiff offers no compelling justification for why it had to wait until now to pursue this new damages theory.");  *Gem Fin. Serv., Inc. v. City of New York*, No. 13 Civ. 1686, 2019 WL 8014411, at *4 (E.D.N.Y. Apr. 18, 2019) (noting that "diligence is entwined with foreseeability, because whether Plaintiff exercised sufficient diligence depends on whether the need for a new expert witness was foreseeable.").

Sixth, Plaintiff's requested discovery will not lead to relevant evidence.  As Defendant will demonstrate in its motion for summary judgment, Plaintiff cannot establish liability on any of his claims in this action.  Thus, Plaintiff will not be entitled to damages,[8] and Defendant should not be required to bear the time-consuming, costly burden of expert discovery when the issue of damages will likely be rendered irrelevant by Defendant's anticipated motion.[9]  Further, even if Plaintiff's proposed expert testimony was relevant,[10] Plaintiff's motion should be denied because

---

[8]    Plaintiff's claims for emotional damages are precluded by the Supreme Court's ruling in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, *reh'g denied*, 142 S. Ct. 2853 (2022).

[9]    Even if the Court were to grant Plaintiff's request for an extension of time to conduct expert discovery, any such expert discovery should be postponed until after the adjudication of Defendant's forthcoming motion for summary judgment in the interest of potentially obviating the need for such expense.

[10]    Plaintiff fails to make any showing of his proposed expert's relevance. He does not disclose the expert's name, field of expertise, or specific area(s) of expected testimony. Instead, he merely states that Plaintiff "suffered significant damages, including economic, vocational, professional harm, and loss of earnings. An expert is required to allow the trier-of-fact to fully understand the magnitude of Plaintiff's damages: past, present, and future." ECF No.

he failed to provide a reasonable explanation as to why he did not conduct this discovery within the deadlines set by the Court. *See King*, 2000 WL 290355, at *2 (denying motion to reopen discovery to retain expert, despite showing of relevance to trial issues, because there was no reasonable explanation given as to why the party did not meet deadlines set by court).

For these reasons, the Court properly denied Plaintiff's request to reopen discovery to conduct expert discovery, and Plaintiff points to no facts or law that would change that determination.[11] Indeed, the rationale of the court in *Wilcox v. RBS Citizens, N.A.* is instructive. *See* No. 08 Civ. 571, 2009 WL 1813219, at *3–4 (N.D.N.Y. June 25, 2009). In *Wilcox*, the court rejected an attempt to revise the applicable scheduling order to disclose an expert. *Id.* The court found that the "disruption caused by the proliferation of untimely expert testimony is real" and should not be permitted, especially where the party failed to show diligence or good cause for the requested extension, and where it would require additional time for depositions and the retention of any rebuttal experts (together with related discovery). *Id.* (citations omitted). The court stated that "the reasons offered . . . in support of an extension of the court's established deadlines [fell] far short of demonstrating either diligence on its part, or good cause for the requested extension" because the party "disclose[d] no circumstances that were not contemplated or could not

---

68, at p. 9. Despite having filed three submissions on this issue, Plaintiff has still failed to identify any specific information about his proposed expert or why he is essential to adjudicate this case. Plaintiff cannot establish relevance or good cause with such a paucity of information. And, even with this dearth of information, it seems likely that the proposed expert's anticipated testimony will be speculative and inadmissible, which is another factor in favor of denying Plaintiff's motion.

[11]    Plaintiff cites *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 59 (S.D.N.Y. 2019) (ECF No. 67, at ¶¶ 8-12), yet in that case the court found it to be a "close call" as to whether the plaintiff seeking an extension of time for expert discovery demonstrated good cause. There, the plaintiff first learned of the need for additional expert testimony during a deposition and after receiving additional documents; plaintiff then made its request for a modification of the expert schedule within one week after receiving the documents and more than one month before the close of expert discovery. *Rubik's Brand Ltd.*, 329 F.R.D. at 59. In stark contrast, here, Plaintiff has not shown how any recent evidence revealed a need for expert testimony that was not foreseen at an earlier juncture, nor did Plaintiff seek an extension prior to the close of discovery. Accordingly, the factors here weigh against the reopening of discovery.

reasonably have been foreseen by the parties at the time the schedule in this case was issued, at

the time of the stipulated extension, or during the many conferences with the court.  While lack of

prejudice . . . is asserted . . . this argument does not meet the showing of 'good cause' required by

Rule 16(b)." *Id.* (citing cases).  In sum:

> Deadlines imposed under a Rule 16 scheduling order are not mere suggestive guideposts; they are meaningful deadlines established by the court, in consultation with the litigants, intended to insure that the ends of justice and the need for prompt and efficient adjudication of controversies are met.

> In order to obtain relief from a discovery schedule, a party must demonstrate good cause for the requested alteration. To demonstrate good cause "a party must show that despite their diligence the time table could not have reasonably been met." "Good cause requires a greater showing than excusable neglect." Good cause may be established by "demonstrating that reasonably unforeseeable events occurring after the entry of the scheduling order precluded compliance with the deadlines in the UPSO [Uniform Pretrial Scheduling Order]." If the moving party cannot establish that it has proceeded with diligence, then the court's inquiry should end there.

*Id.* (internal citations omitted).

Here too, Plaintiff's failure to establish good cause mandated the denial of his request to

reopen discovery.  Plaintiff failed to act diligently to either complete discovery or timely seek an

extension of time, and he failed to demonstrate good cause for seeking the extension at this juncture

of the case. He has not identified any intervening change of law or facts that the Court overlooked

in denying his two previous attempts to belatedly reopen discovery.[12]  Accordingly, the Court

properly denied Plaintiff's request, and reconsideration should be denied.

---

[12]     Plaintiff relies on *Alvarez v. QPI Multipress, Inc.*, No. 99 Civ. 1352, 2007 WL 1988724, at *6 (N.D.N.Y. July 5, 2007) for the proposition that reconsideration was appropriate where an affidavit submitted on summary judgment was missing a page.  *See* ECF No. 68, at p. 5. That case is inapposite and has no bearing here, where Plaintiff has failed to demonstrate good cause for reopening discovery.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion for reconsideration, and grant such other and further relief as is deemed to be just and proper.

Dated: New York, New York
        August 14, 2023

                                                     LETITIA JAMES
Attorney General
State of New York
<u>Attorney for Defendant</u>
By:
        /s/ MARK R. FERGUSON
Mark R. Ferguson
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8635
Mark.Ferguson@ag.ny.gov

16