UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                          Plaintiff,

    v.

STATE UNIVERSITY OF NEW YORK
PURCHASE COLLEGE,

                          Defendant.

No. 21-CV-8417 (KMK)

ORDER

Appearances:

Diana Fabi, Esq.
Imran H. Ansari, Esq.
Aidala Bertuna & Kamins, PC
New York, NY
*Counsel for Plaintiff*

Michael DiBeneditto, Esq.
Aidala Bertuna & Kamins PC
Staten Island, NY
*Counsel for Plaintiff*

Mark Robert Ferguson, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Plaintiff, proceeding pseudonymously as John Doe, brought this Action against State University of New York Purchase College ("Defendant") alleging that Defendant violated his rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, et seq., (*see generally* Compl. (Dkt. No. 1)), in addition to several state law claims which have since been dismissed, (*see* Op. & Order (Dkt. No. 30)).

On October 17, 2022, the Court entered a Case Management and Scheduling Order providing, in relevant part, that fact discovery was to be completed by February 10, 2023, and that Plaintiff's expert disclosures were to be completed by March 24, 2023. (Dkt. No. 39.) On January 26, 2023, the Court granted the Parties' joint request to extend the close of fact discovery to April 11, 2023, and to extend the close of expert discovery to May 23, 2023, for Plaintiff and to July 7, 2023, for Defendant, provided, however, that "there will be no more discovery extensions." (Order (Dkt. No. 52).)

On July 6, 2023, Plaintiff requested an extension of time to complete expert discovery. (Letter from Michael DiBenedetto, Esq., to Court (July 6, 2023) ("Extension Request") (Dkt, No. 59).) Defendant filed a response on July 7, 2023. (Dkt. No. 60.) The same day, the Court requested a more detailed explanation from Plaintiff, (*see* Order (Dkt. No. 61)), to which Plaintiff responded with an updated letter on July 11, 2023 (*see* Dkt. No. 62). On July 12, 2023, the Court denied Plaintiff's extension request, explaining Plaintiff did "not provide[] any compelling justification . . . to re-open expert discovery." (*See* Memo Endorsement (Dkt. No. 63).) Before the Court is Plaintiff's Motion for Reconsideration of that ruling (the "Motion"). (*See* Not. of Mot. (Dkt. No. 66); Pl's Mem. of Law in Supp. of Mot. ("Pl's Mem.") (Dkt. No. 68).) For the following reasons, Plaintiff's Motion is denied.

## I. Discussion

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation and quotation marks omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving

party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation and quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014) (citation omitted). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (citation and quotation marks omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523.

Here, Plaintiff has identified no intervening change of controlling law, no new evidence or overlooked facts, and no clear error in the Court's Order. *See Alvarez*, 2017 WL 6033425, at *2. Plaintiff instead raises two new arguments based on facts and law available at the time of his initial request: (1) that Defendant's alleged delay in "produc[ing] its final fact witness"—due to

3

the witness' unexpected "illness and hospitalization"—justified a "commensurate extension" of Plaintiff's expert discovery deadline, (*see* Pl's Mem. 5; *see also id*. at 8–9); and (2) that Plaintiff is "entitled to a complete fact discovery record prior to obtaining expert discovery," (*see id*. at 9–10).  A motion for reconsideration, however, "should not be used to present new theories that a party failed to advance in the underlying motion." *Knight-McConnell v. Cummins*, No. 03-CV-5035, 2005 WL 1593009, at *1 (S.D.N.Y. July 7, 2005); *see also Goldstein v. State of New York*, No. 00-CV-7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001), *aff'd*, 34 F. App'x 17 (2d Cir. 2002) ("A motion for reconsideration . . . should not be used to put forward additional arguments which the movant could have made, but neglected to make before judgment." (quotation marks omitted)); *Walsh v. Townsquare Media, Inc.*, 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021) ("A motion for reconsideration 'is not a vehicle for . . . securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" (internal quotation marks omitted) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012))). Indeed, Plaintiff alluded to the delayed-witness-production issue in his initial request, (*see* Extension Request), but provides no explanation for his failure to raise the arguments now before the Court in the first instance.  "Because Plaintiff[] present[s] no new factual information or law that requires a different outcome in the underlying motion, reconsideration is inappropriate." *See Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429, 2008 WL 4525400, at *4 (S.D.N.Y. Oct. 6, 2008).

...

## II. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

SO ORDERED.

Dated: September 13, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge